TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Don Mikha*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Mikha, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware corporation; | |
| Equifax Information Services, LLC, a Georgia corporation; and | **JURY TRIAL DEMAND** |
| First Data Merchant Services Corporation, a Georgia corporation, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, DON MIKHA, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

1

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Gilbert, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona; and

   c. First Data Merchant Services, ("First Data"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

6. First Data reported its trade line with account number 52091095**** ("Bogus Trade Line") on Mr. Mikha's credit files with Trans Union and Equifax with a balance amount of $4,917.00, and a past due amount of $648.00, and "charged-off language."

7. This trade line relates to a machine that Mr. Mikha rented for his business in 2013 that did not function properly. Mr. Mikha returned this machine soon after receiving it and closed his account with Defendant First Data on or about August 19, 2013. Mr. Mikha was instructed by First Data's representative, Steven Hermiz, to stop making any monthly payments and was told that the machine's lease would be terminated. Mr. Mikha does not owe any amount to First Data.

8. Steven Hermiz is the owner and operator of Ignite Payment, an authorized vendor of First Data.

9. Mr. Mikha discovered the Bogus Trade Line sometime in May or June of 2014, when he attempted to obtain an auto loan and was denied. He first disputed the Bogus Trade Line sometime in early 2015.

10. On or about June 2, 2015, Mr. Mikha submitted letters to Equifax and Trans Union, disputing the Bogus Trade Line.

11. Upon information and belief, Trans Union and Equifax transmitted Mr. Mikha's consumer disputes to First Data.

12. On or about June 20, 2015, Mr. Mikha received Equifax's results of its reinvestigation, which showed that First Data retained the Bogus Trade Line.

13. On or about June 23, 2015, Mr. Mikha received Trans Union's results of its reinvestigation, which also revealed that First Data retained the Bogus Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST DATA

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Trans Union and Equifax of Mr. Mikha's consumer disputes to the Bogus Trade Line, First Data negligently failed to conduct a proper reinvestigation of Mr. Mikha's disputes as required by 15 USC 1681s-2(b).

16. First Data negligently failed to review all relevant information available to it and provided by Trans Union and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Trans Union and Equifax to remove the Bogus Trade Line from Mr. Mikha's credit files.

4

17. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Mikha's consumer credit files with Trans Union and Equifax to which it is reporting such trade line.

18. As a direct and proximate cause of First Data's negligent failure to perform its duties under the FCRA, Mr. Mikha has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. First Data is liable to Mr. Mikha by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Mikha has a private right of action to assert claims against First Data arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against First Data for damages, costs, interest, and attorneys' fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST DATA

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Trans Union and Equifax that Mr. Mikha disputed the accuracy of the information it was providing, First Data willfully failed to conduct a proper reinvestigation of Mr. Mikha's dispute.

23. First Data willfully failed to review all relevant information available to it and provided by Trans Union and Equifax as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of First Data's willful failure to perform its respective duties under the FCRA, Mr. Mikha has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. First Data is liable to Mr. Mikha for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against First Data for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Mikha as that term is defined in 15 USC 1681a.

28. Such reports contained information about Mr. Mikha that was false, misleading, and inaccurate.

29. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Mikha, in violation of 15 USC 1681e(b).

30. After receiving Mr. Mikha's consumer disputes to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Mikha has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Trans Union is liable to Mr. Mikha by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Mikha as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Mikha that was false, misleading, and inaccurate.

36. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Mikha, in violation of 15 USC 1681e(b).

37. After receiving Mr. Mikha's consumer disputes to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Mikha has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Trans Union is liable to Mr. Mikha by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Mikha as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mr. Mikha that was false, misleading, and inaccurate.

43. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Mikha, in violation of 15 USC 1681e(b).

44. After receiving Mr. Mikha's consumer disputes to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Mikha has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Equifax is liable to Mr. Mikha by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Mikha as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mr. Mikha that was false, misleading, and inaccurate.

50. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Mikha, in violation of 15 USC 1681e(b).

51. After receiving Mr. Mikha's consumer disputes to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Mikha has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Equifax is liable to Mr. Mikha by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 6, 2015                    KENT LAW OFFICES


                                         By: */s/  Trinette G. Kent*
                                         Trinette G. Kent
                                         Attorneys for Plaintiff,
                                         Don Mikha

Case 2:15-cv-01563-SRB   Document 1   Filed 08/13/15   Page 12 of 12